In re Bobby Ray BURKE, Kathy Tipton Burke Route 3, Box 226 Gate City, VA 24251, Debtors.

Bobby Ray BURKE, et ux., Plaintiffs,

v.

FLEET FINANCE, INC., Defendant.

FLEET FINANCE, INC., Movant,

v.

Bobby Ray BURKE, et ux., Respondents.

Bankruptcy No. 7–88–01498–BKC–HPB.
Adversary No. 7–88–0240.
Motion No. 1.

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

March 15, 1989.

James Michael Shull, Gate City, Va., for debtors/plaintiffs/respondents.

John M. Lamie, Browning, Morefield, Lamie & Sharp, Abingdon, Va., and Randy M. Kennedy, Harrison & Kennedy, Bristol, Tenn., for defendant/movant.

Jo S. Widener, Bristol, Va., Trustee.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Chief Judge.

The court, being satisfied that newspaper advertisement was made as provided by the statutes, agrees to reconsider its prior Opinion and Order dated January 6, 1989, and renders this further Opinion and Order thereon as to other issues.

Mr. Kennedy testified that the newspaper advertisements were placed and ran in the newspaper according to the certificate; that no additional advertisement, by posting or otherwise, as set out in the deed of trust, was given as its terms provided. This deed of trust was prepared by and the product of Fleet Finance and their representatives and to the extent it may be unclear or vague in its terms, such shall be construed against Fleet Finance. *See In re Concrete Structures, Inc.,* 23 B.R. 605 (Bankr.E.D.Va.1982); *In re Murphy,* 9 B.R. 167 (Bankr.E.D.Va.1981).

The paragraph in question is as follows:

If default be made in payment of any portion of said principal sum when due, or in the payment of any interest or sum paid for insurance, taxes or assessments as the same shall respectively fall due, or if default be made in any of the terms hereof, all the debt herein secured shall forewith become due at the option of the holder of said debt, and said trustee shall upon being requested so to do by the holder of said debt, and after *advertising the time and place and terms of sale by*

*three written or printed posters, posted in three public places in said County for thirty days,* proceed to sell the property hereby conveyed at public sale, on the premises, or at such place as said trustee may deem most beneficial to the trust, for cash in hand and in bar of all homestead, dower and curtesy rights, and in bar of the right of equity of redemption, all of which are hereby expressly waived. *At the option of the Trustee, advertisement of sale may be made by advertising the time, place and terms of said sale once a week for four successive weeks in a newspaper published or having general circulation in the county or city in which the property or some portion thereof is located.* (emphasis added).

It is important to recall here that this matter involves issues between the debtors and creditor, Fleet Finance which continues to hold of record the title to the real estate in question as a result of the foreclosure deed dated January 4, 1988, from the trustee.

Involved in this case is essentially a question of proof of compliance with the provisions of the deed of trust and state law. The pleadings are sufficiently broad, and the evidence shows that the entire circumstances surrounding the foreclosure is at issue. *Va. Code* §§ 55–59.1 and 55–59.2 sets forth specific standards and requirements necessary in the foreclosure of deeds of trust in the Commonwealth of Virginia. These statutes were construed by the Supreme Court of Virginia in *Deep v. Rose,* 234 Va. 631, 364 S.E.2d 228 (1988), as requiring strict compliance. The court, tracing the history of statutory and case law involving deeds of trust foreclosures, concluded that the legislature by enacting the within sections intended to set strict guidelines to be complied with in foreclosures. The court pointed out that prior acceptance of discretionary or satisfactory action by a trustee was no longer applicable. This especially is true where the immediate parties to the transaction are concerned and no third party or *bona fide* purchaser is involved. The court related in its historical summary, that in past years

substantial compliance was acceptable and that innocent third party purchaser's rights would not be prejudiced by failure to strictly comply. The court stated at 364 S.E.2d page 231 as follows:

The growing trend toward strictness in advertising requirements culminated in 1979, with the enactment of Code §§ 55–59.1, requiring 14 days written notice of sale to the debtor, and 55–59.2, with which we are here concerned, as well as amendments to § 55–63, which further specify time limitations. Section 55–59.2, for the first time, specified that advertisement must be only by newspaper publication.

It is apparent from the language of § 55–59.2, quoted above, that the eight-day minimum and thirty-day maximum periods between advertisement and sale are intended to be mandatory, overriding for the first time in the history of these statutes both the discretion of the trustee and the contractual terms adopted by the parties to the deed of trust. In this crucial respect, the statute before us differs from all its predecessors.

At 364 S.E.2d page 232 the court said further:

In view of the manifest legislative purpose underlying the increasing stringency of the advertisement requirements which culminated in Code § 55–59.2, and in light of its language, *we conclude that sales made in violation of its mandatory time periods are void, not merely voidable. The result is to render the sale ineffectual. No title, legal or equitable, passes to the purchaser.* (Emphasis added)

█ As herein noted, the deed of trust authored by Fleet Finance specifically provides for posting of notice in three public places. It purports to give to the trustee an option to advertise in newspapers, which is in derogation of *Virginia Code* § 55–59, *et seq.* Indeed it ceases to be an option, is mandatory and newspaper advertisement was made. This did not eliminate the mandatory language requiring posting at three public places. This provision was, of course, not complied with.

The provisions of the deed of trust herein quoted providing for posting of notices in three public places as well as the advertising in the newspaper was, in effect, a conjunctive provision rather than a disjunctive provision. The newspaper advertisement did not substitute for the mandatory posting under the terms of the instrument. The language of this deed of trust clearly provides for posting of written or printed posters in three public places in the county wherein the property is situated for thirty days. Mr. Kennedy's testimony admits that the required posting was not complied with. This court concludes that the terms of this deed of trust require such posting as well as the statutory requirement for public advertising in the newspaper. The statute gives the trustee no option and the debtor is entitled to have the deed of trust terms complied with.

As a result of the foreclosure procedure, Fleet Finance has apparently filed a deficiency claim of approximately $15,-000.00 asserted against these debtors as a result of the transaction. The serious nature of executing a trust as demanded by the court in *Turk v. Clark*, 193 Va. 744, 71 S.E.2d 172 (1952), many times is lost in busy offices. This standard is a most serious one.

The entire facts and circumstances as well as the applicable law surrounding the foreclosure in question and particularly since the defendant continues to hold of record the property with no third party interests affected; that this foreclosure should be voided by this court and Chapter 13 debtors under the provisions of 11 U.S.C. § 1301, *et seq.*, should be permitted to propose a Plan for the payment of the defendant and other creditors in their efforts to rehabilitate themselves in their financial affairs. Equity commands no less. *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Local Loan, etc. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934).

An appropriate Order will be entered.